UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

UNITED STATES OF AMERICA

      - against -                    12 Cr. 269 (JGK)

CARLOS SALOMON-MENDEZ ET AL.,       MEMORANDUM OPINION &
                           ORDER
              Defendant.
────────────────────────────────

JOHN G. KOELTL, District Judge:

The defendants have filed a motion to suppress the in-court identification of each of the defendants by a confidential informant based on an allegedly impermissibly suggestive pre-trial photographic procedure.  Defendant Rivera Rodriguez has also filed a motion to suppress evidence seized from a vehicle that the defendant was operating.

The Court has set an evidentiary hearing date for February 22, 2013 at 11:00 a.m.  Trial is scheduled for March 11, 2013 at 9:00 a.m.

## I.

With respect to the allegedly improper pre-trial photographic identification procedures, there appears to be some confusion in the papers.  The defendants appear to refer solely to the photographic identification procedure involving the identification of each of the defendants by the confidential informant to whom the complaints against the defendants referred.  The Government's response to the motion appears to

refer to other identification procedures that were not at issue in the motions by the defendants. (Gov't. Mem. at 4-5.)

The defendants allege that they were not provided with copies of other photographs that were shown to the confidential informant. However, the Government represents that the photos are available and that neither defense counsel has requested to view the photos. (Gov't. Mem. at 4.)

The Government also represents that there was nothing impermissibly suggestive about the photographic identification procedures and that, in any event, there was an independent source for the in-court identifications because the confidential informant knew the defendants. At the hearing scheduled for February 22, 2013, the parties can have oral argument on any issues raised by the identification procedures. There will be time enough if an evidentiary hearing is required to schedule that hearing shortly before trial.

## II.

The Government conceded that defendant Rivera Rodriguez is entitled to an evidentiary hearing with respect to any evidence seized from the vehicle, but only if he presents an affidavit on personal knowledge with respect to the circumstances that he contends supports the argument that the evidence was seized in violation of the Fourth Amendment. (Gov't. Mem. at 3, 13.) See generally United States v. Gillette, 383 F.2d 843, 848-49 (2d

2

Cir. 1967); <u>United States v. Rivera</u>, 321 F.2d 704, 710 n.1 (2d Cir. 1963); <u>United States v. Dewar</u>, 489 F. Supp. 2d 351, 359 (S.D.N.Y. 2007) ("Defendants are not entitled to an evidentiary hearing unless they can show that there is a contested issue of material fact with respect to the issue for which the hearing is requested"); <u>United States v. Viscioso</u>, 711 F. Supp. 740, 745 (S.D.N.Y. 1989).

Defendant Rivera Rodriguez should promptly provide such an affidavit if he wishes to proceed with the evidentiary hearing with respect to the evidence seized from the vehicle.

**SO ORDERED.**

**Dated:    New York, New York**
**           February 9, 2013          _____/s/_____**
**                                          John G. Koeltl**
**                                 United States District Judge**

3