**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 16, 2020

BY ECF
Honorable John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl St.
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __1-22-2020__

Re:   *United States v. Carlos Salomon-Mendez*, 12 Cr. 269 (JGK)

Dear Judge Koeltl:

In response to the Court's order dated September 19, 2019, the Government and counsel for defendant Carlos Salomon-Mendez respectfully request that the Court set a date for the parties, including the defendant, to appear for proceedings consistent with *United States v. Davis*, 139 S. Ct. 2319 (2019).

Salomon-Mendez was originally convicted, after a trial ending on February 13, 2014, on all five counts of a Superseding Indictment (the "S2 Indictment"):

*Count One*:   conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951;

*Count Two*:   substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2;

*Count Three*:   using, carrying, possessing, and aiding and abetting the use, carrying, and possession of a firearm, which was brandished, during and in relation to a crime of violence, namely the robbery conspiracy charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2;

*Count Four*:   using, carrying, possessing, and aiding and abetting the use, carrying, and possession of a firearm, which was brandished, during and in relation to a crime of violence, namely the robbery charged in Count Two, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C)(i), and 2; and

1. Resentencing Scheduled for 4/17/20 at 11 ⁰⁰ A.M.
2. The Probation Department is requested to prepare a revised Pre-Sentence Report deleting the conviction on Count 3.
3. Defense submissions due 4/3/20.
4. Government submissions due 4/10/20.

So ordered.
1/21/20.  John G. Koeltl, U.S.D.J.

> *Count Five*:   conspiracy to distribute five kilograms or more of cocaine, in violation of
> 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.[1]

(S2 Indictment, Dkt. No. 35).

Thereafter, at the urging of the Court, the Government and the defendant entered into a post-conviction plea agreement Government (the "Plea Agreement"), pursuant to which Salomon-Mendez pled guilty to a two-count Superseding Information (the "S3 Information"), and the Government moved to dismiss Counts Four and Five of the S2 Indictment. Count One of the S3 Information charged a conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Count Two of the S3 Information charged a conspiracy to distribute 100 grams or more of heroin, while under a term of federal pre-trial release, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 18 USC § 3147.

On May 20, 2016, this Court sentenced the defendant to a total term of imprisonment of 205 months, consisting of a term of imprisonment of 120 months on Counts 1 and 2 of the S2 Indictment and Counts 1 and 2 of the S3 Information, to be followed by 84 months' consecutive imprisonment on Count 3 of the S2 Indictment, plus one month consecutive to all other sentences, pursuant to 18 USC § 3147 under Count 2 of the S3 Information. The Court also granted the Government's motion to dismiss Counts Four and Five of the S2 Indictment.

The Section 924(c) count of conviction on which the defendant was sentenced (Count Three of the S2 Indictment) was predicated on a Hobbs Act robbery conspiracy. The parties agree that the defendant's conviction on Count Three can no longer stand after *Davis*, because conspiracy qualities as a "crime of violence" under 18 U.S.C. § 924(c)(3) only under the "residual" or "risk-of-force" clause of that statute, which has now been declared unconstitutionally vague.

Given the foregoing, the Government requests that the Court set a date for an appearance at which (1) the Government will consent to vacatur of the Section 924(c) conviction and (2) Salomon-Mendez will be resentenced on the remaining counts of conviction. *See Davis*, 139 S. Ct. at 2336 ("[D]efendants whose § 924(c) convictions are overturned by virtue of today's ruling will not even necessarily receive lighter sentences: As this Court has noted, when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." (quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017))).

---

[1] On Count Five, the jury found the defendant guilty of a lesser included offense, namely, participating in a conspiracy to distribute more than one but less than five kilograms of cocaine, in violation of 18 U.S.C. § (b)(1)(B).

The Government further requests that the Court direct the preparation of a supplemental Presentence Investigation Report, and that the date set for the appearance leave time, in advance of that appearance, for the issuance of a writ and the transportation of Salomon-Mendez to the Southern District of New York, the parties' review of the supplemental Presentence Investigation Report and filing of sentencing submissions. The parties respectfully request an appearance date of mid-April 2020 or later.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by:  /s/
Christine I. Magdo
Assistant United States Attorney
(212) 637-2297

cc:     Counsel of Record (via ECF)
        Dawn Doino, Deputy Chief U.S. Probation Officer
        (by email: Dawn_Doino@nysp.uscourts.gov)