UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    - against -

CARLOS SALOMON-MENDEZ,

        Defendant.

---

12-cr-269-1 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Osvaldo Rivera-Rodriguez, has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in section 3553(a), provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. 3582(c)(1)(A). The Court of Appeals for the Second Circuit has recently made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

The Government concedes that the defendant has exhausted his administrative remedies because the defendant submitted a

request for compassionate release to the Warden of FCI Fairton, where the defendant is currently incarcerated, and more than thirty days have passed without the request being granted.

The defendant argues that there are extraordinary and compelling reasons for his release, based on his serious medical conditions including diabetes and hypertension which make him more susceptible to COVID-19 and its serious effects. The defendant also argues that the medical care he has been receiving at FCI Fairton is inadequate to deal with his medical conditions, much less to protect him from contracting COVID-19 and suffering serious effects. The Government argues that the defendant's risk of contracting COVID-19 is substantially reduced because the defendant has received both doses of the Pfizer vaccine.

At the Court's request, the Government has also submitted a detailed sworn declaration from the Acting Clinical Director at FCI Fairton who has also treated the defendant and who persuasively details the medical care that the defendant is receiving at FCI Fairton, with treatment outside the facility as needed. That declaration indicates that the defendant is receiving treatment for his various medical issues and that the defendant's medical conditions are exacerbated by the defendant's failure to take medications that have been prescribed for him.

It is doubtful that the defendant has provided an extraordinary and compelling reason for his release in view of his vaccination status and the medical care that the defendant is receiving for his conditions. In any event, however, it is clear that the Section 3553(a) factors argue strongly that no reduction in the defendant's sentence is appropriate. In August, 2020, this Court reduced the defendant's sentence of 205 months' imprisonment to 145 months' imprisonment because a firearms count that enhanced the defendant's sentence had been rendered unconstitutional by the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019). The remaining counts of conviction consisted of serious offenses including Hobbs Act robbery and conspiracy to commit Hobbs Act robbery and conspiracies to distribute and possession with intent to distribute heroin and cocaine. The defendant's participation in the Hobbs Act counts included the defendant's provision of firearms. See Aug. 6, 2020 Tr. at 22. The ultimate sentence that the Court imposed was substantially less than the sentence the Court originally imposed and was sufficient but no greater than necessary to meet the relevant goals of sentencing. In determining the appropriate sentence, the Court carefully took into account mitigating circumstances including the defendant's health conditions and the conditions of the defendant's confinement. Id. at 23. There is nothing that has occurred in

the intervening months that suggests that a reduced sentence would be sufficient to meet the appropriate goals of sentencing.

In his reply papers, the defendant makes additional allegations that do not support his claim for immediate release. The defendant argues that the conditions of his confinement are unconstitutional. The sworn declaration of the Acting Clinical Director at FCI Fairton does not support the defendant's allegations. In any event, the Court has taken the defendant's allegations with respect to his medical conditions into account but those allegations do not change the Court's decision not to reduce the defendant's sentence. The defendant also suggests that there may have been a defect in his guilty plea. The papers do not appear to support such a claim.

## CONCLUSION

The Court has considered all of the arguments by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for compassionate release is **denied** without prejudice to the possibility that another motion could be made if circumstances change.

**SO ORDERED.**

Dated:     New York, New York
             July 22, 2021

                                             John G. Koeltl
                                    **United States District Judge**